UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:10-CV-00176

JOHN MARTIN                                                          Plaintiffs
and
P.M., by and through his next friend, JOHN MARTIN

v.

BRIAN COYT                                                           Defendant

## MEMORANDUM OPINION AND ORDER

In his Pretrial Memorandum, Defendant Brian Coyt raises two issues relative to Plaintiffs John Martin and P.M.'s claims for malicious prosecution.  (Docket No. 84.)  The issues Coyt now raises have not been fully briefed by the parties, and the Court notes that Plaintiffs have objected, stating that these arguments are untimely.  (Docket No. 89.)  The Court also notes that Coyt did not raise these arguments in his motion for summary judgment, (Docket Nos. 24; 26-1), or in his motion for reconsideration, (Docket Nos. 43-1; 46-1).  Nonetheless, in the interest of seeing this matter fully and completely adjudicated, the Court will address the two issues regarding malicious prosecution that Coyt now raises in his Pretrial Memorandum.

## RELEVANT BACKGROUND

For the sake of brevity, the Court will not recite the entire factual background of this matter, which has been fully set forth in the Court's earlier Memorandum Opinions, (Docket Nos. 38 & 58), and instead will focus on only those facts pertinent to the issues at

hand.   Defendant Brian Coyt arrested John Martin for menacing, resisting arrest, and having a prescription medication out of its proper container.   Coyt arrested P.M. for menacing, resisting arrest, and hindering apprehension in the second degree.   In the Court's prior Opinion addressing Coyt's motion for summary judgment, the Court denied Coyt summary judgment on both John and P.M.'s malicious prosecution claims.   (Docket No. 38, at 27-29.)   In that Opinion, the Court found Coyt had probable cause to arrest John for the controlled substance charge, but lacked probable cause for the charges of menacing and resisting arrest.   The Court also found that Coyt lacked probable cause to arrest P.M. on any of the charged offenses.   In denying summary judgment in regard to John's malicious prosecution claim, the Court principally relied on a California state court decision, *Mabie v. Hyatt*, 71 Cal. Rptr. 2d 657, 665 (Cal. Ct. App. 1998), to conclude that probable cause for John's controlled substance charge did "not inoculate the other faulty criminal charges for the purposes of malicious prosecution."   (Docket No. 38, at 28.)

## DISCUSSION

In his Pretrial Memorandum, Coyt takes the position that neither John nor P.M. can maintain their claims for malicious prosecution.   (*See* Docket No. 84, at 5-8.)   Coyt argues John's malicious prosecution claim fails because the Court found Coyt had probable cause to arrest John for the controlled substance charge.   Coyt also argues that P.M.'s malicious prosecution claim fails because there is no record that any judicial proceeding was ever instituted against P.M., and because P.M. testified in his deposition that he never appeared in court for any charges.   Thus, Coyt's Pretrial Memorandum raises two distinct issues:

(1) Whether the Court's finding of probable cause on one of John Martin's charged offenses precludes his claim for malicious prosecution on the remaining charges?

*and*

(2) Whether P.M., who was a minor at the time of the charged offense, can maintain his claim for malicious prosecution when criminal charges were never formalized against him?

Under Kentucky law, there are six elements necessary to an action for malicious prosecution: "(1) the institution or continuation of original judicial proceedings . . . (2) by, or at the instance of the plaintiff [here, Defendant Coyt], (3) the termination of such proceedings in defendant's [here, Plaintiffs John and/or P.M.'s] favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding." *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981). Because Kentucky law is historically antagonistic toward allegations of malicious prosecution, *see Broaddus v. Campbell*, 911 S.W.2d 281, 285 (Ky. Ct. App. 1995) (citing *Reid v. True*, 302 S.W.2d 846 (Ky. 1957)), the elements of malicious prosecution are strictly construed, *Davidson v. Castner-Knott Dry Goods Co.*, 202 S.W.3d 597, 602 (Ky. Ct. App. 2006) (citing *Prewitt v. Sexton*, 777 S.W.2d 891, 895 (Ky. 1989)).

## I.   John Martin's Malicious Prosecution Claim

Coyt first argues John's malicious prosecution claim for the charges of menacing and resisting arrest fails because the Court found that Coyt had probable cause to arrest John for the controlled substance charge. This challenge focuses on the fifth element above, a "want or lack of probable cause for the proceeding."

Kentucky law is unclear whether, in the context of multiple charges, the probable cause element requires a malicious prosecution plaintiff to show that no probable cause

existed on any of the charges, and Kentucky courts have not addressed directly whether a finding of probable cause on one charged offense precludes a malicious prosecution claim on the remaining charges. The language of a relatively recent unpublished decision by the Kentucky Court of Appeals suggests that a malicious prosecution plaintiff must show that no probable cause existed on every charge—*i.e.*, that a finding of probable cause on one charge would preclude claims for malicious prosecution on other charges that lacked probable cause. In *Davis v. City of Winchester* (*Davis I*), the court of appeals wrote: "The defendants were not required to prove all of the elements on all of the charges for which [the plaintiff] was arrested in order to establish a defense. Rather, the plaintiff must show that there was no probable cause on *any* of the charges for which he was arrested." 2004 WL 1487121, at *3 (Ky. Ct. App. July 2, 2004) (unpublished decision) (emphasis added), *rev'd on other grounds*, 206 S.W.3d 917 (Ky. 2006). The court cited no authority for this proposition, and, notably, this language is dicta insofar as the court did not expressly hold that probable cause on one charge would defeat a malicious prosecution claim on other charges. The *Davis* plaintiff was charged with resisting arrest, disorderly conduct, and alcohol intoxication, and later with assault in the third degree. *Id.* at *2. The court of appeals found sufficient evidence to support probable cause for the alcohol intoxication and third degree assault charges but did not discuss whether probable cause existed for either the resisting arrest or disorderly conduct charges. *Id.* at *3. Instead, the court simply concluded there was sufficient evidence to support the jury's finding that police had probable cause to arrest the plaintiff. *Id.*

The Kentucky Supreme Court subsequently reversed that decision on other grounds and remanded the case for a new trial on the malicious prosecution claim. *Davis*, 206

S.W.3d at 917.  Upon retrial, the jury again found for the defendants, and the plaintiff again appealed.  Before the Kentucky Court of Appeals a second time, the plaintiff argued specifically that "a jury instruction erroneously allowed the jury to find for the [defendants] if probable cause existed as to any of the criminal charges against him, rather than requiring that all such charges be based on probable cause."  *Davis v. City of Winchester* (*Davis II*), 2011 WL 5105441, at *3 (Ky. Ct. App. Oct. 28, 2011).  Without addressing the merits of that argument, the court of appeals affirmed the jury's verdict on the basis that another element of malicious prosecution, "malice," had not been proven.  *Id.* at *5.  It is therefore unclear whether a finding of probable cause on one charge precludes a malicious prosecution claim on other charges under Kentucky law.

In his Pretrial Memorandum, Coyt relies primarily on a series of three decisions by the Third Circuit in which that court recently dealt with this issue in some depth.  First, in *Wright v. City of Philadelphia*, the Third Circuit, focusing on the probable cause element, dismissed a malicious prosecution claim where the court found police had probable cause to arrest the plaintiff for one charged offense, despite not addressing whether probable cause existed for the remaining charges against her.  409 F.3d 595, 604 (3d Cir. 2005).  The *Wright* decision implies that where an individual is arrested on multiple charges, a malicious prosecution claim fails if any one of those charges is supported by probable cause.  *See id.*  Second, in *Johnson v. Knorr*, the Third Circuit distinguished *Wright*, holding that probable cause to arrest an individual on any one charge does not necessarily insulate an officer from liability for malicious prosecution.  477 F.3d 75, 881-85 (3d Cir. 2007).  Instead, *Johnson* advised that district courts should consider whether there was probable cause to initiate the criminal proceedings with respect to each offense.  *Id.* at 85.

Third and finally, an *en banc* Third Circuit returned to this issue in *Kossler v. Crisanti*, 564 F.3d 181, 194 (3d Cir. 2009) (en banc). Unlike *Wright* and *Johnson* which focused on the probable cause element, *Kossler* focused on the favorable termination element. *Id.* The *en banc* court, despite acknowledging that the holdings in *Wright* and *Johnson* "are difficult to reconcile," affirmed that *Wright* remained controlling authority while also upholding *Johnson*'s notion that the analysis of malicious prosecution claims involving multiple charges must be fact-intensive. *See id.* Since *Kossler*, several recent district court decisions in that circuit have applied *Wright*, *Johnson*, and *Kossler* to conclude that a finding of probable cause on one charge will not preclude a claim for malicious prosecution on remaining charges. *See Piazza v. Lakkis*, 2012 WL 2007112, at *11 (M.D. Penn. June 5, 2012); *Makboul v. Port Auth. of N.Y. & N.J.*, 2011 WL 4594224, at *6 (D.N.J. Sept. 29, 2011).

The Eastern District of Kentucky, addressing malicious prosecution claims brought both under Kentucky law and § 1983,[1] similarly followed the Third Circuit's approach in *Johnson* by analyzing probable cause for each of the charges separately. *Carter v. Porter*, 2011 WL 778408, at *4-5 (E.D. Ky. Mar. 1, 2011). The Eastern District began by quoting *Johnson* for the proposition that "a defendant initiating criminal proceedings on multiple charges is not necessarily insulated in a malicious prosecution case merely because the prosecution of one of the charges was justified." *Id.* at *7 (quoting *Johnson*, 477 F.3d at 85). In a lengthy footnote, the court discussed the three Third Circuit decisions in *Wright*,

---

[1] The Martins' malicious prosecution claims in this matter have been framed exclusively as Kentucky state law actions. (*See, e.g.*, Docket Nos. 35, at 17-18; 86.) Although the Sixth Circuit recognizes a separate constitutional claim for malicious prosecution under the Fourth Amendment that may be brought under 42 U.S.C. § 1983, *see Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010), the Martins have not asserted malicious prosecution claims under § 1983.

*Johnson*, and *Kossler* before concluding: "In the instant case, the Court addresses probable cause as to each charge against [the plaintiff] in order to ensure a full and appropriate analysis." *Id.* at *7 n.13.

Other federal courts have taken a similar approach. For example, in *Posr v. Doherty*, the Second Circuit held that a finding of probable cause on one charge did not necessarily foreclose a malicious prosecution claim on other charges. 944 F.2d 91, 100 (2d Cir. 1991). There, the court grounded its reasoning on policy concerns, opining that if probable cause on one charge could defeat a malicious prosecution claim on other charges, "an officer with probable cause as to a lesser offense could tack on more serious, unfounded charges which would support a high bail or lengthy detention, knowing that the probable cause on the lesser offense would insulate him from liability for malicious prosecution on the other offenses." *Id.*

In sum, the Court finds no definitive Kentucky law on whether a finding of probable cause on one charged offense precludes a malicious prosecution claim for other charges for which there was no probable cause. Kentucky law clearly disfavors malicious prosecution claims, and at least one unpublished Kentucky decision implies that a plaintiff must show that there was no probable cause on any of the charges for which he was arrested and that a finding of probable cause on one charge will defeat a malicious prosecution claim on other charges. However, this point is not clearly settled, and a variety of other courts have held that probable cause for one charge will not necessarily defeat a malicious prosecution claim for other charges. In determining Kentucky law, only the decisions of the highest court of Kentucky bind this Court. *See Comm'r of Internal Revenue v. Bosch*, 387 U.S. 456, 465 (1967); *Grego v. Meijer, Inc.*, 187 F. Supp.

2d 689, 691 (W.D. Ky. 2001). The decisions of lower state courts may provide indications of what the highest court would do, but such decisions are not absolute predictors. *Grego*, 187 F. Supp. 2d at 691. They may inform this Court's determination of the content of state law but are not controlling, and this Court may disregard an intermediate state court decision if it believes the highest state court would decide otherwise. *Id.* (citing *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999)).

Here, the Court must predict whether the Kentucky Supreme Court would decide that a finding of probable cause on one charged offense precludes a claim for malicious prosecution on other charges that lacked probable cause. On the one hand, the policy considerations supporting separate probable cause analysis on each charge (the approach followed by the Eastern District of Kentucky in *Carter*, the Third Circuit in *Johnson*, and the Second Circuit in *Posr*) are compelling and well-reasoned. This approach seems to enjoy growing acceptance and has been employed by at least one other district court in this circuit. On the other hand, Kentucky law is historically antagonistic toward malicious prosecution claims, and the Kentucky Court of Appeals' language in *Davis I* implies that a plaintiff must show there was no probable cause on *any* charge. Faced with this case, the Court finds the rationale of the former approach persuasive and therefore predicts that the Kentucky Supreme Court would follow this approach. The Court previously has analyzed whether probable cause existed for each of John Martin's charged offenses and found no probable cause for the charges of menacing and resisting arrest. (*See* Docket No. 38.) Accordingly, the Court will allow John Martin's claim for malicious prosecution to proceed based on the charges for which the Court found no probable cause.

## II.    P.M.'s Malicious Prosecution Claim

Coyt next argues that P.M.'s malicious prosecution claim fails because there is no record that any judicial proceeding was instituted against P.M. and because P.M. testified in his deposition that he never appeared in court for any charges.  In support, Coyt has filed copies of Ky. Rev. Stat. § 635.010, which outlines the procedure for handling a complaint that alleges a juvenile has committed a public offense.  (Docket No. 91.)  Coyt has also submitted an affidavit indicating that the Adair Circuit Clerk has no record of judicial proceedings having been instituted against P.M..  (Docket No. 84-1.)  Thus, this challenge focuses on the first element of a malicious prosecution claim, "the institution or continuation of original judicial proceedings."

According to the Sixth Circuit, "a wide variety of conduct may constitute the 'institution,' 'initiation,' or 'instigation' of proceedings, both under Kentucky law and the common law generally."  *McMaster v. Cabinet for Human Res.*, 824 F.2d 518, 521 (6th Cir. 1987).  The test is whether the defendant in a malicious prosecution action "sets the machinery of the law in motion."  *Id.* (quoting *First Nat'l Bank of Mayfield v. Gardner*, 376 S.W.2d 311, 316 (Ky. 1964)).  Under Kentucky law, "the actual arrest of a person" is one way to initiate a criminal proceeding.  *Johnson v. St. Claire Med. Ctr., Inc.*, 2003 WL 22149386, at *2 (Ky. Ct. App. Sept. 19, 2003) (quoting William S. Haynes, *Kentucky Jurisprudence* § 14-3(a)) ("The initiation of a criminal proceeding generally occurs upon either the actual arrest of a person, the return of an indictment, the issuance of an arrest warrant or a summons to appear and answer criminal charges."); *see Phat's Bar & Grille v. Louisville Jefferson Metro. Gov't*, 2013 WL 230662, at *9 (W.D. Ky. Jan. 22, 2013) (finding "that 'initiation' occurs where the officer made the arrest and detailed potential

offenses against the plaintiff"); *cf. Meogrossi v. Aubrey*, 2011 WL 1235063, at *15 (W.D. Ky. Mar. 31, 2011) (finding that an officer's issuance of a criminal citation constituted the institution of judicial proceedings).

After reviewing the relevant case law on this point, the Court finds Coyt's argument that judicial proceedings were not initiated against P.M. because no decision was made to formalize criminal charges without merit to defeat P.M.'s malicious prosecution claim. Under Kentucky law, proceedings were initiated against P.M. when Coyt arrested him, thus "setting the machinery of the law in motion" and satisfying the first element of a malicious prosecution claim. Accordingly, the Court will allow P.M.'s claim for malicious prosecution to proceed.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the arguments raised by Defendant Brian Coyt in his Pretrial Memorandum relative to Plaintiffs' claims for malicious prosecution are OVERRULED, and Plaintiffs John Martin and P.M. may proceed with their claims for malicious prosecution consistent with this Opinion.


Date:



cc:     Counsel